## COLLINS v. ROTARY PRODUCTION CORPORATION et al.

No. 28604. Jan. 9, 1940.

Rehearing Denied June 11, 1940.

*103 P. 2d 95.*

Bob Howe and Hugh M. Bland, both of Oklahoma City, for petitioner.

Butler, Brown & Rinehart, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. This is an action to review an order of the State Industrial Commission arising out of the alleged injury of the claimant, George G. Collins, who, as the evidence shows, while an employee of the Rotary Production Corporation, on November 18, 1937, was told by his foreman, Leon Smith, to go to the Katy lease and wait for him, for they were figuring a job over there. On his way to the Katy lease, the claimant was injured in a collision between his car and an interurban car owned and operated by the Oklahoma Railway Company. Claimant then proceeded to make a settlement with the Oklahoma Railway Company without making a claim for compensation with the Industrial Commission or from his employer. No notice of election was filed. A settlement for $400 was consummated with the Oklahoma Railway

Company on the 17th day of January, 1938, and upon payment of said consideration, claimant executed a release to the Oklahoma Railway Company. On January 19, 1938, a Form No. 3 was filed with the State Industrial Commission.

Thereafter, upon hearings before the said commission, there arose a question as to whether claimant, George G. Collins, was injured while on duty in the employ of the Rotary Production Corporation, and pursuant thereto, the commission made the following order:

"Now, on this 12th day of April, 1938, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to hearing had at Oklahoma City, Okla., on March 23, 1938, and on March 24, 1938, before Inspector J. L. Ray, duly authorized to conduct said hearing to determine liability and extent of disability, the claimant appearing in person and by his attorney, Hugh Bland, the respondent and insurance carrier appearing by Gus Rinehart; the commission having considered all the evidence and the records on file, and being otherwise well and fully advised in the premises, finds: That the evidence is insufficient to show that the claimant sustained an accidental personal injury, arising out of and in the course of his employment with this respondent on the date alleged in his claim.

"Upon consideration of the foregoing facts, the commission is of the opinion that claimant's claim for compensation should be denied.

"It is therefore ordered, that compensation should be and the same is hereby denied the claimant herein."

It is admitted that there was a question of fact as to whether the claimant was actually in the course of his employment at the time he sustained his injury. Upon the testimony entered, the commission made a finding of fact, and so ordered, that the claimant was not in the course of his employment, and said finding of fact is binding upon the parties.

Claimant himself testified that he was not in the course of his employment. Upon cross-examination, a statement made by claimant when he was seeking a settlement with the Oklahoma Railway Company was introduced and claimant was questioned thereon as follows:

"Q. 'Were you on duty at the time of the accident?' and your answer—'I went up to one of the wells on twenty-second and talked to Leon Smith who is head roustabout for Hodge and he told me to go on over on East Grand by the Katy tracks and wait for him as they were figuring on a job over there. I did not have any company equipment in the car when the accident occurred.' Did you give him that answer? A. That is true as far as it goes. Q. Is your answer true? A. Our tool house was located by this well on twenty-second and I went there and talked to Leon Smith and told him what I testified to. Q. Did you give him that information when you were making claim against the Oklahoma Railway Company? A. When I gave that information I told him, I would not say as to whether or not I was on duty. Q. You told him you would not say? A. No, sir, I just didn't say. * * * Q. You remember him making that statement, were you trying to conceal anything from the man, Mr. Collins? A. No, sir. Q. Were you trying to tell the truth? A. Yes, sir. Q. Did you give him that answer I have just read to you? A. I can remember it, by having the copy. Q. You did give him that answer? A. I must have. Q. You told him you would not say you were on duty or was not? A. I said I didn't recall of telling him whether or not I was on duty. * * * Q. Then everything in this statement that you gave that man, you say was true at the time you gave it to him? A. As far as I remember. * * * Q. I asked you if you gave him that information and you told me you did? A. Okay."

Quite obviously this indicates that at the time claimant sought to make settlement with the Oklahoma Railway Company, under advice of his own attorneys, he was making no claim against his employer, for he said he was not on duty, but was on his way to see if he could start to work on a job the Rotary Production Company was figuring on at the Katy lease. He had no company equipment with him at the time of his accident. He was driving his own

automobile. No one else was with him at the time of the accident, so there is no question of his carrying other employees for the benefit of his employer. He was on his way to see about starting to work, but his work had not yet begun. Claimant's own witness, Leon Smith, head roustabout for Rotary Production Corporation, testified on cross-examination that their work did not start until they got on the job where they were supposed to do it, and that claimant never got to the job.

The order of the State Industrial Commission is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DAVISON, JJ., concur.