GILBREATH v. INTERSTATE OIL PIPE LINE CO. et al.

No. 34184.    Feb. 13, 1951.

*227 P. 2d 656.*

C. C. Hatchett and Alan B. McPheron, Durant, for petitioner.

Martin, Logan, Finney, Stanton & Moyers, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J. There is here presented a petition by Jack W. Gilbreath to review an order of the State Industrial Commission denying an award for compensation on a claim filed against his employer, Interstate Oil Pipe Line Company.

Petitioner, on June 17, 1948, filed his claim for compensation in which he stated that on the 21st day of March, 1948, while in the employ of Interstate Oil Pipe Line Company he sustained an accidental injury which resulted in the loss of his left arm.

The trial commissioner assigned to hear the case after hearing the evidence found, in substance, that petitioner, on March 21, 1948, while in the employ of respondent, sustained an accidental personal injury, as claimed, and that such injury arose out of and in the course of his employment consisting of an injury to his left arm resulting in the amputation thereof below the shoulder socket, and upon this finding entered an order awarding compensation.

The order was vacated on appeal to the commission en banc. The commission found that under the evidence petitioner had sustained an accidental injury, as claimed, but that such injury did not arise out of and in the course of his employment, and entered an order denying compensation.

It is the contention of petitioner that the order of the commission is not sustained by the evidence and is contrary to law.

There is no dispute as to the material facts in the case. They are: Respondent at the time petitioner sustained his injury was engaged in the business of transporting oil and was operating out of Graham, Oklahoma. Its district office was located at Wilson, Oklahoma, which is about 24 miles east of Graham. Petitioner was at that time employed as a pumping engineer and as a telegraph operator. His hours of work were from 3 p.m. to 11 p.m. He was paid wages or salary at the rate of about $315 per month. It was not possible for him to obtain living quarters at or near Graham. It was therefore necessary that he obtain such quarters at some other place. In view of this situation it was agreed between the parties that in addition to the regular salary paid petitioner he was to receive a traveling expense allowance of six cents per mile based upon the mileage between Wilson and Graham. Petitioner was free to select living quarters at any place he chose and the expense allowance would be based on the mileage aforesaid whether the actual miles traveled to and from work were greater or less than the mileage from Wilson to Graham. Petitioner was to select his own method of transportation. He could select any method he desired. He chose to select his own automobile. During the time petitioner worked at Graham he maintained living quarters part of the time at Wilson and part of the time at Healdton. Healdton is located between Graham and Wilson. For the week in which petitioner claims to have sustained his injury he had selected a hotel in Healdton as his living quarters and had paid his hotel bill for that week in advance.

Petitioner, on the night of March 20, 1948, quit work about 11:30 p.m. and left for home, but did not stop at Healdton but was proceeding on his way to Wilson where he intended to obtain living quarters for the following week. Petitioner while traveling in his automobile, and about 12:45 the next morning, had an automobile accident about a mile and a half east of Healdton and while on his way to Wilson. As a result of his accident he lost the use of his left arm.

This, in substance, constitutes the evidence in the case. We think it wholly insufficient to establish a liability against respondent, and we hold that the finding of the commission that claimant's injury did not arise out of and in the course of his employment is amply sustained by the evidence. In such case it will not be disturbed by this court. Collins v. Rotary Production Corporation, 187 Okla. 417, 103 P. 2d 95.

Claimant contends that under his agreement with the employer for an expense allowance he was entitled to an award under the rule in cases involving injuries received by employees between their places of work and their abodes while going to and from work. Such cases are not applicable here even if the agreement between the parties were susceptible of the construction contended for by claimant. Under the claimant's own testimony he had returned from work to Healdton, the place where he was staying, and was proceeding to Wilson on a voluntary and separate mission of his own.

Order sustained.